| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Miguel Ángel Figueroa Morales, | | Case No.: 26cv0679-GPC(BJW) |
| | Petitioner, | |
| v. | | **ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS** |
| PAM BONDI, Attorney General of the United States, in her official capacity; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; GREGORY J. ARCHAMBEAULT, ICE Field Office Director for Imperial County, in his official capacity, WARDEN of Imperial Regional Detention Facility, | | |
| | Respondents. | |

On February 3, 2026, Petitioner Miguel Ángel Figueroa Morales ("Petitioner") filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking to be released from detention. (Dkt. No. 1, Pet.) Respondents did not file a return. On February 9, 2026, Petitioner filed a traverse noting Respondents' failure to respond and requesting

the Petition be granted. (Dkt. No 3.) Based on the reasoning below, the Court GRANTS the unopposed petition for writ of habeas corpus.

## Background

Petitioner is a 26 year old citizen and national of Guatemala. (Dkt. No. 1, Pet. ¶ 23.) He fled Guatemala when he was fifteen years old and arrived at or near the Nogales, Arizona port of entry as an unaccompanied minor around May 16, 2015. (*Id.* ¶¶ 24, 25.) That same day he was detained by border patrol and placed with juveniles and held for a Notice to Appear. (*Id.* ¶ 25.) ICE/DHS transferred Petitioner's custody to the Office of Refugee Resettlement ("ORR") and ORR affirmatively released Petitioner to an adult family-member sponsor. (*Id.* ¶ 26.) DHS allowed Petitioner to remain at liberty for nearly a decade and did not place him under any form of immigration detention or custodial supervision. (*Id.*) Since being released from ORR custody, Petitioner has consistently appeared for all scheduled removal proceedings. (*Id.* ¶ 27.) Venue was transferred from Arizona to the San Deigo Immigration Court where Petitioner resided with his sponsor in San Diego. (*Id.* ¶ 27.) In 2016, his removal proceedings were administratively closed and DHS released him without conditions. (*Id.* ¶¶ 28, 29, 34.) As such, he was not required to check in with ICE. (*Id.* ¶ 3.) He has been a law-abiding citizen for over the past ten years. (*Id.* ¶ 30.)

Petitioner is currently engaged to a U.S. Citizen with whom he has had a relationship for over five years and once married, he will seek to obtain lawful permanent residency. (*Id.* ¶ 31.) He has also established a residence, family and friendships. (*Id.* ¶ 33.)

On October 2, 2025, while Petitioner was outside of Home Depot, ICE agents pulled up and started questioning him. (*Id.* ¶ 34.) The ICE agents did not present a warrant, provide notice of any alleged violation, or identify any statutory basis for arrest. (*Id.*) ICE agents took him into custody where he remains detained and deprived of his liberty. (*Id.*) DHS has re-calendared removal proceedings which are currently pending with the Imperial Immigration Court. (*Id.* ¶ 32.) Prior to detention, Petitioner did not

receive written notice of the reason for his re-detention and never received a hearing before a neutral decisionmaker to determine if his re-detention is justified. (*Id.* ¶ 35.)

Petitioner asserts that his detention violates his procedural and substantive due process rights under the Fifth Amendment. (*Id.* ¶¶ 48-60.) He requests a writ of habeas corpus ordering his release and to permanently enjoin his re-detention absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that he is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. (Dkt. No. 1, Pet. at p. 15.)

## LEGAL STANDARD

### A. Section 2241 Habeas Corpus

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023) (habeas actions limited to challenges of the legality or duration of confinement). A petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

### B. Fifth Amendment Due Process

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause

protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process rights apply to noncitizens, including those whose presence in the United States is unlawful. *Id.* at 693.

Even when ICE has the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); *Padilla v. United States Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). An initial release from ICE custody further reflects "a determination by the government that [an individual is] neither a flight risk nor a danger to the community." *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *7 (N.D. Cal. Sept. 12, 2025). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Salcedo Aceros,* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) and *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

Here, because Petitioner was initially detained and then released from ORR supervision, and his removal proceedings were administratively closed ten years ago, he maintains a protected liberty interest in remaining out of custody.

The Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481. "The constitution typically 'requires some kind of a hearing *before* the State deprives a person or liberty or property.'" *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted sub nom. G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original)). To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*,

4

26cv0679-GPC(BJW)

2025 WL 2879514, at *12.  Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures."  424 U.S. at 335.

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty.  Thus, this factor favors Petitioner.  *See Salcedo,* 2025 WL 2637503, *12; *Ortiz Donis*, 2025 WL 2879514, at *12; *Pinchi*, 792 F. Supp. 3d at 1034-35.

Turning to the second *Mathews* factor, "it is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing."  *Pinchi*, 792 F. Supp. 3d at 1035.  Where, as here, petitioner has not received any hearing, "'the risk for erroneous deprivation [of liberty] is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention."  *Id.* (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1046 (E.D. Cal. 2025)).  Further, courts have noted that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community."  *G.S.*, 2025 WL 3014274, at *8.  By releasing Petitioner from ORR custody and then administratively closing his removal proceedings in 2016 without any conditions, immigration officers determined that he was neither a flight risk nor a danger to his community.  *See id.*; *Ortiz Donis*, 2025 WL 2879514, at *1; *Pinchi*, 792 F. Supp. 3d at 1034.

Petitioner asserts that he has lived in the United States for 11 years, been a law abiding citizen, is engaged to be married and has established community ties. (Dkt. No. 1, Pet. ¶¶ 30, 31, 33.)  Thus, the risk of erroneous deprivation is particularly high in Petitioner's case, as there is no evidence of changed circumstances or that Petitioner is a danger or flight risk.  Accordingly, this factor also favors Petitioner.

    Finally, by failing to respond, the Government "has failed to show any countervailing interest against providing a pre-detention hearing." *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. Indeed, "in immigration court, custody hearings are routine and impose a minimal cost." *Singh*, 803 F. Supp. 3d at 1046 (internal quotation marks and citation omitted). On the other hand, the costs of immigration detention are staggering. *Hernandez v. Session*, 872 F.3d 976, 996 (9th Cir. 2017). In sum, the Government's interest in detaining Petitioner without a hearing is low. *See Singh*, 803 F. Supp. 3d 1035, 1046 2025 WL 1918679, at *8.

    Each of the *Mathews* factors favors Petitioner. Thus, Petitioner was entitled to a pre-deprivation bond hearing. The Government detained Petitioner, without explanation and without notice, despite its own prior determination that Petitioner was not a flight risk and posed no danger to the community. "Under these circumstances, given the government's conduct, the substantial liberty interests held by [Petitioner], and the fact that the government has no evidence and does not contend that [Petitioner] presents [a] risk or flight or to public safety, a pre-deprivation bond hearing is warranted." *Salcedo* 2025 WL 2637503, *12. At such a hearing, the government must demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *Pinchi*, 792 F. Supp. 3d at 1038; *see also Ortiz Donis*, 2025 WL 2879514, at *15. Put simply: "since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Ortiz Donis*, 2025 WL 2879514, at *15. The Court concludes that Petitioner is entitled to relief under the due process clause.

## CONCLUSION

Based on the reasoning above, the Court **GRANTS** the petition for writ of habeas corpus. Because Petitioner's due process rights have been violated, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody under the same conditions as his previous order of release. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation

1  notice of at least seven days before a pre-deprivation hearing at which the government will
2  bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely
3  to flee or pose a danger to the community if not detained.  The Clerk of Court SHALL
4  enter judgment in Petitioner's favor and close this case.

5  **IT IS SO ORDERED.**

6  Dated:  February 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge